**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT -9 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

STACY BAILEY, )
)
Plaintiff, )
)
v. )   CIVIL ACTION
)   FILE NO. 1:12-CV-3515
CITY OF CANTON, CANTON POLICE )
DEPARTMENT, E. SCOTT WOOD, and )
CHIEF ROBERT MERCHANT, )
)
Defendants. )

# COMPLAINT

Plaintiff Stacy Bailey ("Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendants City of Canton ("Defendant Canton"), Canton Police Department ("Defendant Canton PD"), E. Scott Wood ("Defendant Wood"), and Chief Robert Merchant ("Defendant Merchant") in Defendants Wood and Merchant's individual and official capacities, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* ("FLSA") for Defendants' willful failure to pay Plaintiff's overtime compensation and for other relief on the grounds set forth herein and states as follows:

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over this claim in controversy as it arises from a federal question under 29 U.S.C. §216(b), involving claims arising out of the unlawful employment practices described herein during Plaintiff's employment with the Canton Police Department, operated by Defendant Canton PD and Defendant Merchant, and governed by Defendant Canton and Defendant Wood.

2.

Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2), 29 U.S.C. §216(b), and L.R. 3, Northern District of Georgia, because all, or substantially all, of the unlawful employment practices alleged in this Verified Complaint occurred in this District.

## PARTIES

3.

Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

4.

Defendant Canton is a municipality located in Cherokee County, Georgia and may be served through its Mayor, Gene Hobgood, at 151 Elizabeth Street,

Canton, Georgia 30114. Defendant Canton is subject to the jurisdiction and venue of this Court.

5.

Defendant Canton PD is a city government agency located in Cherokee County, Georgia and may be served through its Chief of Police, Robert Merchant, at 221 E. Marietta Street, Canton, Georgia 30114. Defendant Canton PD is subject to the jurisdiction and venue of this Court.

6.

Defendant Wood is an individual located in Cherokee County, Georgia and may be served at 151 Elizabeth Street, Canton, Georgia 30114. Defendant Wood is subject to the jurisdiction and venue of this Court.

7.

Defendant Merchant is an individual located in Cherokee County, Georgia and may be served at 221 E. Marietta Street, Canton, Georgia 30114. Defendant Merchant is subject to the jurisdiction and venue of this Court.

8.

Plaintiff worked for Defendants at the Canton Police Department from February, 2003 through the present.

9.

Plaintiff is an "Employee" as defined under the FLSA, 29 U.S.C. §203(e)(2)(c).

10.

Plaintiff performed non-exempt labor for the Defendants within the last three (3) years.

11.

During her employment with the Defendants, Plaintiff consistently worked more than 86 hours in a consecutive 14 day period and was not paid the overtime wage differential required under the FLSA, 29 U.S.C. §207.

12.

Upon information and belief, Defendants are "Employers" pursuant to 29 U.S.C. §203(d).

## FACTUAL ALLEGATIONS

13.

During the past three years, through the present time, Plaintiff worked for Defendants, who are a public agency in the State of Georgia.

14.

Plaintiff was hired by Defendant in February, 2003 as a police officer with the Canton Police Department.

15.

FLSA guidelines require that law enforcement personnel who work more than eighty-six (86) hours in a fourteen (14) day consecutive period be paid overtime for time worked over the eighty-six (86) hours.

16.

During the past three years Plaintiff routinely worked more than 86 hours in a 14 day consecutive work week. Defendants failed to keep track of these hours.

17.

Plaintiff was paid bi-weekly by check in the amount of $1,838.28 for 86 hours of work, even though she consistently worked more than 86 hours.

18.

Defendants never paid Plaintiff any overtime wage differential as required by FLSA 29 U.S.C. §207 for any occasions that Plaintiff worked more than 86 hours in a 14 day consecutive work week.

19.

Defendants, collectively, managed, controlled, and directed the tasks, hours, schedule, and manner of payment for Plaintiff during the past three years.

20.

Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §207 and/or §213.

21.

Plaintiff, as a non-exempt employee, was required to be compensated at the rate of one and one half times her hourly rate for each hour worked in excess of 86 hours in a 14 day consecutive work week.

22.

Defendants knew or should have known that the FLSA overtime wage differential applied to Plaintiff.

23.

Upon information and belief, Defendant paid other, similarly situated employees the FLSA overtime wage differential for the overtime they worked, but failed to do so for the Plaintiff.

24.

Upon information and belief, when the Defendants refused to pay Plaintiff the overtime wage differential as required by federal law, Defendants were not relying on any letter ruling from the Department of Labor indicating that Plaintiff was not entitled to the overtime wage differential.

25.

Upon information and belief, Defendants were informed that they had failed to pay the required overtime wage differential to Plaintiff, but failed to rectify their errors and comply with the law.

26.

Defendants are liable to Plaintiff for any and all time worked in excess of 86 hours in a 14 day consecutive work week of at least one and one half times her calculated hourly rate.

27.

Defendants' conduct constitutes willful violations of 29 U.S.C. §207 and 215 of the FLSA, entitling Plaintiff to all relief available under the FLSA, including an award of liquidated damages, attorney fees, and costs of litigation pursuant to 29 U.S.C. §216.

28.

Upon information and belief, Plaintiff was entitled to a merit raise of five percent (5%) on July 1, 2012 upon finishing her Masters Degree.

29.

Defendants have willfully failed to pay Plaintiff her five percent (5%) raise since July 1, 2012.

## **COUNT ONE**

## **VIOLATION OF FLSA 29 U.S.C. §§ 207, 215**

30.

Plaintiff incorporates Paragraphs 1 through 29 as if the same were fully expressed herein.

31.

Defendants' failure to compensate Plaintiff for her time actually worked in excess of 86 hours in a 14 day consecutive work week on the basis of one and one half times her calculated rate of pay is a violation of FLSA 29 U.S.C. §§207 and 215.

32.

Defendants suffered and required Plaintiff to routinely work more than 86 hours in a 14 day consecutive work week without paying Plaintiff the overtime wage differential to which she is entitled.

33.

Defendants' violations are intentional and willful as Defendants knew, or should have known, that they were required to pay Plaintiff an overtime wage differential pursuant to the FLSA.

34.

Defendants willfully failed to accurately report, record, and/or preserve records of hours actually worked by Plaintiff, and thus have failed to make, keep, and preserve records with respect to their employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of FLSA.

35

Defendants' conduct was willful and in bad faith.

36.

Defendant Wood was advised by a supervisor of Plaintiff in the Spring of 2012 that Plaintiff was improperly being treated as an exempt employee. Defendant Wood refused to properly compensate Plaintiff and compensate her for overtime due to her for past hours worked.

37.

Defendants' willful and bad faith violation gives rise to a claim for relief pursuant to FLSA 29 U.S.C. §216.

## COUNT TWO

## BREACH OF CONTRACT

38.

Plaintiff incorporates Paragraphs 1 through 37 as if the same were fully expressed herein.

39.

Pursuant to the policies and procedures of Defendant Canton PD, Plaintiff was entitled to a five percent (5%) merit raise upon completion of her Masters Degree. Plaintiff's merit raise should have taken effect on July 1, 2012.

40.

Plaintiff received her Masters Degree from Columbus State University on May 7, 2012 in Public Administration.

41.

Despite having timely informed Defendants that she had completed her Masters Degree, Plaintiff did not receive her five percent (5%) merit raise on July 1, 2012.

42.

Upon information and belief, other similarly situated employees of Defendant Canton PD have received their five percent (5%) merit pay raises after completing their Masters Degrees.

43.

Defendants are liable to Plaintiff for all unpaid back pay from July 1, 2012.

WHEREFORE, Plaintiff requests that this Court

1) Grant a trial by jury as to all triable issues of fact;

2) Issue a judgment awarding Plaintiff:

   a. All unpaid overtime wage differential pursuant to FLSA 29 U.S.C. §207;

   b. Liquidated damages as provided by 29 U.S.C. §216;

   c. Pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216;

   d. All back pay from July 1, 2012 reflecting Plaintiff's merit pay raise;

   e. Court costs, expert witness fees, attorney fees, and other expenses of litigation as provided under 29 U.S.C. §216;

   f. Any and all other remedies allowed under the FLSA; and

3) Any and all such other relief this Court allows.

[Signature on following page]

This 9th day of October, 2012.

LoRusso Law Firm, P.C.

_____
Lance J. LoRusso
Georgia Bar No. 458023
Rebecca L. Sample
Georgia Bar No. 311079

1827 Powers Ferry Road
Building 8, Suite 200
Atlanta, Georgia  30339
770-644-2378
770-644-2379 (fax)
lance@lorussolawfirm.com
rebecca@lorussolawfirm.com

This document appears in Times New Roman 14 point font.