**EXHIBIT "A"**

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is entered into by and between the following Parties: Stacy Bailey ("Bailey), plaintiff, and the City of Canton ("Canton"), E. Scott Wood ("Wood") and Robert Merchant ("Merchant"), defendants (defendants hereinafter referred to collectively as the "Released Parties").

WHEREAS, Bailey and the Released Parties are parties to a civil action pending in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *"Stacy Bailey v. City of Canton, Canton Police Department, E. Scott Wood and Chief Robert Merchant"* (the "Litigation"), which action arises out of or relates to work performed by Bailey for Canton;

WHEREAS, in the Litigation, Bailey alleged that the Released Parties failed to pay her compensation for overtime in violation of the Fair Labor Standards Act ("FLSA");

WHEREAS, in the Litigation, the Released Parties denied the allegations made against them by Bailey;

WHEREAS, Bailey and the Released Parties desire to enter into an agreement resolving and settling all claims asserted or which could have been asserted against defendants based on FLSA and arising out of or relating to compensation for work performed by Bailey for Canton;

WHEREAS, Bailey warrants, covenants and represents that she has not assigned any of the claims she has asserted against the Released Parties that are being released in this Agreement to any other person or entity and that no attorneys other than attorneys employed by Lance LoRusso, P.C. have any claim for attorneys' fees and/or costs arising from Bailey's claims released in this Agreement; and

WHEREAS, this Agreement constitutes a good faith settlement of disputed FLSA claims and shall not be deemed in any manner an admission, finding or indication, for any purposes whatsoever, that the Released Parties, or any of their officers, employees and/or other agents

acted contrary to law or violated the rights of Bailey under FLSA.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. **Consideration.**  In consideration of this Agreement and other good and sufficient consideration, including Bailey's agreement to join in a motion with Canton for entry of an Order approving this settlement and to file thereafter, upon approval of the Court and payment of the consideration set forth below a Stipulation of Dismissal, with Prejudice, of all claims against all parties, Canton, for itself and on behalf of Wood and Merchant, hereby agrees to pay a total sum of One Hundred Seven Thousand and no/100 Dollars ($107,000), as follows:

   a. The sum of Thirty Thousand Dollars ($30,000) payable to Bailey in the form of: (i) a check for alleged unpaid wages in the gross amount of $30,000, from which all federal, state and other applicable taxes and withholdings shall be subtracted and for which Bailey will receive a Form W-2; and (ii) a check for alleged liquidated damages in the amount of $30,000 (with no withholdings or deductions) for which a Form 1099 shall issue to Bailey.

   b. The sum of Forty Seven Thousand Dollars ($47,000) to LoRusso Law Firm, P.C. (Bailey's counsel) for attorneys' fees and costs, by way of a check for which a Form 1099 shall issue to Bailey's counsel.

   c. Bailey agrees to pay all taxes, if any, which may be deemed owing on the payments under this section, except for Canton's portion of FICA and other employer portion tax contributions associated with the payments designated as unpaid wages.  Bailey further agrees that she will indemnify and hold Canton, Wood and Merchant and their related and affiliated entities harmless from and against any taxes, penalties and/or interest that might arise from any challenge by the Internal Revenue Service or similar state agency to Bailey's tax treatment of

any amounts paid to her, except for any challenge associated with Canton's responsibility for the employer portion of FICA and other employer portion tax contributions associated with the payments designated as unpaid wages.

    d. Bailey represents and warrants that Lance LoRusso and Rebecca Sample are and have been the sole attorneys for her with respect to the Litigation and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Litigation; and that all legal fees, costs, and/or expenses for which the Released Parties could be liable in connection with the Litigation are discharged.

    e. The settlement checks described in paragraphs 1 a. and b. shall be transmitted to Bailey's counsel within the time period specified in paragraph 3 below.

  2. **Release & Waiver of All Claims.**  In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Bailey, her heirs and assigns, fully and absolutely release and forever discharge Canton, Wood and Merchant and each of their present and former parents, subsidiaries, affiliates, divisions, predecessors, successors and assigns, all present and former directors, officers, employees, agents, insurers, shareholders, attorneys, partners, consultants, managers, and representatives (whether in their corporate or individual capacities), and all persons acting by, through, under or in concert with any of them, whether past, present or future (collectively "Released Parties"), from any and all allegations, claims, demands, rights, charges, actions, causes of action, liabilities, damages, costs, attorneys' fees and expenses, whether known or unknown, which were asserted or which could have been asserted in the Litigation and which are based on or arise from any failure by Canton to appropriately compensate Bailey for all hours worked.  This release expressly includes all claims arising under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., as well as all other federal, state, local, statutory or common laws relating to any failure

by Canton to compensate Bailey for all time worked.

Notwithstanding anything to the contrary herein, it is expressly agreed by the parties that the only claims being released in connection with this settlement are claims arising under the Fair Labor Standards Act ("FLSA") and no other claims of any kind or nature against any parties, including Canton, Wood and Merchant.

3.  **Court Approval.**  The parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. §201 et seq.  Upon approval by the Court, Canton agrees to forward the payments required under paragraphs 1 a. and b. to Bailey' counsel within fourteen (14) business days thereafter.

4.  **Dismissal of Action.**

a.  Upon judicial approval of this settlement and Bailey's receipt of the payments required under paragraphs 1 a. and b., Bailey, by and through her counsel of record, and with the consent of counsel for the Released Parties, will file a Stipulation of Dismissal, with Prejudice, in the format attached hereto as Exhibit "A," with the Court within two (2) business days thereafter.

b.  Bailey represents that as of the date Bailey signs this Agreement, she has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state or local court or agency other than the Litigation.  Bailey agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the claims released by this Agreement against any of the Released Parties.  Bailey further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on any of the claims released by this Agreement, and that even if a court or arbitrator rules

that Bailey may not waive a claim released by this Agreement, Bailey will not accept any money damages or other relief under FLSA.

5. **Execution.**  This Agreement shall become effective upon its approval by the court.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.  Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

6. **Entire Release.**  Bailey affirms that the only consideration for her decision to execute and her execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused them to execute the Agreement; that she has been advised to and has consulted with her attorneys regarding the terms, conditions and the final and binding effect of this Agreement; and she understands the meaning of the Agreement and its final and binding effect.

7. **Severability.**  Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.  Notwithstanding the foregoing sentence, if Paragraphs 1 or 2 are found to be invalid by a court of competent jurisdiction, the entire Agreement is invalid.

8. **Amendments.**  Any modification or change to this Agreement must be in writing and signed by all Parties.

9. **Construction.**  The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any

Party hereto.  No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

10. **Governing Law.**  This Agreement is executed in the State of Georgia and all terms of this Agreement shall be governed and construed pursuant to the laws of the State of Georgia.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release consisting of eight (8) pages effective April _____, 2013.

**STACY BAILEY:**

By: _____
     Stacy Bailey

Sworn to and subscribed
before me this _____ day
of _____, 2013.

_____
NOTARY PUBLIC
My Commission Expires:

**CITY OF CANTON:**

By: _____
     E. Scott Wood, City Manager

Sworn to and subscribed
before me this \_\_\_\_ day
of _____, 2013.

_____
NOTARY PUBLIC
My Commission Expires:

*(Signatures Continue on Next Page)*

**E. SCOTT WOOD:**

By: _____
      E. Scott Wood

Sworn to and subscribed before me this ____ day of _____, 2013.

_____
NOTARY PUBLIC

My Commission Expires:

**ROBERT MERCHANT:**

By: _____
      Robert Merchant

Sworn to and subscribed before me this ____ day of _____, 2013.

_____
NOTARY PUBLIC

My Commission Expires: